UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ROY RASHAD WELLS, <br><br> Plaintiff, <br><br> v. <br><br> NATHAN GROZAV, <br><br> Defendant. | CASE NO. 2:24-cv-2090-JNW <br><br> ORDER TO SHOW CAUSE |

The Court raises this matter on its own accord. Under the Federal Rules of Civil Procedure, plaintiffs must—within 90 days of filing their complaint—perfect service of process upon each defendant and file proof of service with the Court. *See* Fed. R. Civ. P. 4(l), (m). Because Pro se Plaintiff Roy Rashad Wells filed his complaint on December 31, 2024, the 90-day window for service of process has now elapsed.

Wells filed an Affidavit of Mailing Summons and Complaint to Defendant Nathan Grozav, Dkt. No. 8, but upon review, the Court finds that Wells's affidavit does not adequately prove service of process and contains defects. First, the "server" Yessenia Castillo states that she "served the summons" but does not mention the

ORDER TO SHOW CAUSE - 1

complaint. Dkt. No. 8 at 1. "A summons must be served with a copy of the complaint." Fed. R. Civ. P. 4(c)(1).

Second, the affidavit does not appear to satisfy Rule 4(e). To serve a defendant in the United States, a plaintiff must satisfy either Rule 4(e)(1) or Rule 4(e)(2). Under Rule 4(e)(1), plaintiffs may serve a defendant in the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made[.]" Fed. R. Civ. P. 4(e)(1). Here, Washington law would apply.

Washington law permits service of summons by mail in circumstances justifying service by publication. Washington CR 4(d)(4). Washington law authorizes service of summons by publication under nine circumstances enumerated in RCW 4.28.100(1)-(9). In this case, Wells has not shown any of these circumstances apply here.

Under Rule 4(e)(2), a plaintiff may serve a defendant in the United States by "delivering a copy of the summons and of the complaint to the individual personally; . . . leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or . . . delivering a copy of each to an agent authorized by appointment or by law to receive service of process." Fed. R. Civ. P. 4(e)(2)(A)-(C). Certified mail is not sufficient under any of these options.

Accordingly, the Court ORDERS Wells to show cause why the complaint should not be dismissed for failure to timely serve the summons and complaint.

ORDER TO SHOW CAUSE - 2

Wells must respond to this order by September 3, 2025. Failure to do so will result in dismissal of this lawsuit.

Dated this 19th day of August, 2025.

Jamal N. Whitehead
United States District Judge

ORDER TO SHOW CAUSE - 3